**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY CRUZ | : | |
| | : | |
| Appellant | : | No. 280 WDA 2018 |

Appeal from the Judgment of Sentence February 6, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002860-2017

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 6, 2019**

Jeremy Cruz appeals from the judgment of sentence imposed February 6, 2018, in the Court of Common Pleas of Erie County.  The trial court sentenced Cruz to an aggregate term of 14 to 28 years' imprisonment, followed by five years' probation, after a jury found him guilty of rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, aggravated indecent assault, simple assault and indecent assault,[1] for an August 2017 attack on his former girlfriend.  On appeal, Cruz challenges the sufficiency of the evidence supporting his convictions.  For the reasons below, we affirm.

The facts underlying Cruz's conviction are well-known to the parties, and detailed in the trial court's opinion.  **See** Trial Court Opinion, 8/24/2018, at 4-

---

[1] **See** 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3125(a)(1), 2701(a)(1), and 3126(a)(1), respectively.

10. In summary, the victim had been dating Cruz for almost a year at the time of the incident. During the early morning hours of August 18, 2017, after a night out with friends, which included drinking and smoking marijuana, Cruz and the victim got into an argument while driving home. Cruz pulled into a neighbor's driveway, and sexually assaulted the victim as she pleaded with him to stop.[2] He then drove to the victim's house and continued to physically and sexually assault her in the vehicle.[3] Cruz then followed the victim into her house, where she lived with her mother, and stayed with her that night. After work the next day, the victim confided in her friend that Cruz had sexually assaulted her. The friend called the victim's mother, who called the police, and had Cruz arrested. The victim's mother took the victim to the hospital for a rape examination. The nurse practitioner who examined the victim documented the victim's injuries, which she stated, "were the worst vaginal injuries she had seen in roughly a hundred examinations." *Id.* at 9. Cruz testified in his own defense at trial, and "admitted to committing the sexual acts, but argued they were consensual." *Id.* at 10.

_____

[2] Cruz forced the victim to engage in vaginal and anal intercourse, and digitally penetrated her. *See* N.T., 12/11/2017, at 42-44. At one point, he began choking her with his right hand, so that she "couldn't breathe." *Id.* at 44.

[3] As Cruz continued to assault her, he asked her why she was crying, to which she replied, "because this is like rape. I don't want to be doing this right now." *Id.* at 47. Cruz responded, "you think this is rape, I'll show you what rape is," and then put his entire fist into her vagina. *Id.*

Cruz was charged with the aforementioned crimes, as well as terroristic threats and strangulation. **See** 18 Pa.C.S. §§ 2706(a)(1) and 2718(a)(1). On December 12, 2017, a jury found him guilty of all the offenses except terroristic threats and strangulation. Prior to sentencing, trial counsel filed a petition to withdraw, asserting Cruz expressed a desire to proceed *pro se*. On February 2, 2018, the trial court conducted a **Grazier**[4] hearing prior to sentencing to determine if Cruz's expressed desire to proceed without counsel was knowing and voluntary. The court concluded it was, and proceeded to sentence Cruz to two consecutive terms of seven to 14 years' imprisonment on the charges of rape and IDSI, followed by a period of five years' probation for the charge of aggravated indecent assault.[5] The court found the remaining offenses merged for sentencing purposes.

On February 6, 2018, Cruz filed two *pro se* motions, in which he asserted he had newly discovered evidence that would prove his innocence. The next day, he filed an affidavit in support of the motions, claiming he received snapshots of the victim's text messages from a third party.[6] The trial court

---

[4] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[5] At the hearing, the court also imposed a probation and parole revocation sentence for a prior, unrelated offense.

[6] Cruz did not attach copies of the purported text messages to either of his motions or the affidavit, nor did he detail what the new evidence would demonstrate.

denied the motions on February 9, 2018, and Cruz field a timely *pro se* notice of appeal.[7]

Thereafter, on February 23, 2018, the trial court ordered Cruz to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After Cruz requested, and was granted, two extensions of time to file a concise statement, he filed a motion for appointment of counsel on May 24, 2018. On May 31, 2018, the trial court entered an order finding Cruz had "ample time and all of the documents needed to file a Concise Statement of Matters Complained of on Appeal[,]" and that "[h]is failure to do so means that [he] has not preserved any issues for appeal[.]" Order, 5/31/2018, at 3. However, on June 4, 2018, the trial court entered another order, holding Cruz's request for counsel in abeyance until Cruz could establish his eligibility for court-appointed counsel. Thereafter, Cruz filed a *pro se* concise statement on June 18, 2018. Meanwhile, Cruz's application for the appointment of a public defender was approved, and on June 26, 2018, present counsel entered her appearance. That same day, counsel filed an application for relief in this Court, requesting the record be remanded so that she would have the opportunity to file a

---

[7] After the notice of appeal was filed, Cruz continued to file motions in the trial court requesting post-trial relief, as well as access to evidence. On March 16, 2018, the trial court entered an order stating it had no jurisdiction to consider any of the motions filed by Cruz after the notice of appeal. **See** Order, 3/16/2018. Cruz then filed numerous applications for relief in this Court, all of which were denied. **See** Docket, 280 WDA 2018.

counseled concise statement. By order entered July 12, 2018, this Court remanded the record for a period not to exceed 40 days, so that counsel could file a concise statement and the trial court could file a responsive opinion. *See* Order, 7/12/2018. Counsel filed a concise statement on July 26, 2018, and the trial court issued its opinion on August 24, 2018. The case was then returned to this Court, and a new briefing schedule was issued. On November 9, 2018, this Court dismissed the appeal when counsel failed to file a brief. *See* Order, 11/9/2018.

That same day, counsel filed an application to reinstate the appeal, asserting her failure to file a brief was the result of an oversight. Thereafter, on November 27, 2018, Cruz filed an application for relief, requesting counsel withdraw from representation. On December 7, 2018, this Court entered an order granting counsel's application to reinstate the appeal, and remanding the record to the trial court for a period of 30 days for another *Grazier* hearing. The trial court conducted a *Grazier* hearing on December 17, 2018, and entered an order noting that, at the hearing, Cruz "stated his express desire to be represented by appointed counsel." Order, 12/17/2018. The case was returned to this Court, and a new briefing schedule was issued. On July 26, 2019, after the briefs had been filed by both parties, Cruz filed a *pro se* petition, once again, requesting the appointment of new counsel. On August 9, 2019, counsel filed a petition for leave to withdraw based upon Cruz's petition.

- 5 -

Before we address the substantive claim on appeal, we will first consider Cruz's petition seeking the appointment of new counsel, and counsel's responsive petition for leave to withdraw. Cruz avers he commenced a civil action against the Erie County Public Defender's Office on April 4, 2019, and because appellate counsel works for that office, "[t]here is a possible conflict of interest[.]" Petition Requesting New Appointment of Counsel, 7/26/2018, at ¶ 3. Counsel's petition avers simply that she received correspondence from Cruz on August 6, 2019, "demanding her withdrawal of representation." Petition for Leave to Withdraw as Counsel, 8/9/2019, at ¶ 8. Neither filing provides any further details concerning any conflict of interest or irreconcilable difference between Cruz and counsel.

In **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011), the Pennsylvania Supreme Court reiterated the well-settled doctrine that "an indigent criminal defendant does not enjoy the unbridled right to be represented by counsel of his own choosing." **Id.** at 1041. Furthermore, the Court noted that "an appellant must remain with appointed counsel through the conclusion of the appeal" unless he can demonstrate "he has an irreconcilable difference with counsel that precludes counsel from representing him, or perhaps a timely petition for self-representation, or the retention of private counsel[.]" **Id.** at 1042 (footnote omitted). The Court explained, however, "once the brief has been filed, any right to insist upon self-representation has expired." **Id.** at 1044.

Here, Cruz is not requesting to proceed *pro se*. Rather, he seeks the appointment of new counsel based upon a "possible conflict of interest," namely the civil action he filed against counsel's employer. Petition Requesting New Appointment of Counsel, 7/26/2019, at ¶ 3. However, we note that Cruz avers he filed the civil action in April of 2019, more than two months after counsel filed the appellate brief on January 27, 2019. Under these circumstances, we find Cruz has failed to allege irreconcilable differences with his appointed counsel that preclude counsel's ability to represent him on appeal.[8] **See Jette**, **supra**. Accordingly, we deny both his petition for new counsel and counsel's petition to withdraw.

In his sole substantive issue on appeal, Cruz contends the evidence was insufficient to support his convictions. Our review of a challenge to the sufficiency of the evidence is well-settled:

> We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Further, the court may sustain a conviction wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—"is free to believe all, part, or none of the evidence."

**Commonwealth v. Cramer**, 195 A.3d 594, 601 (Pa. Super. 2018) (internal citations omitted). "Furthermore, the uncorroborated testimony of the

---

[8] We emphasize that, in her petition to withdraw, counsel did not assert any irreconcilable differences that would preclude her representation of Cruz. Rather, she claimed only that Cruz "demand[ed]" her withdrawal. Petition for Leave to Withdraw as Counsel, 8/9/2019, at ¶ 8.

- 7 -

complaining witness is sufficient to convict a defendant of sexual offenses."
***Id.*** at 602 (citation omitted).

In the present case, Cruz was convicted of five sexual offenses – rape, IDSI, sexual assault, aggravated indecent assault, and indecent assault – as well as simple assault. In order to secure a conviction for rape under subsection 3121(a)(1) of the Crimes Code, the Commonwealth must prove the defendant "engage[d] in sexual intercourse with a complainant …[b]y forcible compulsion." 18 Pa.C.S. § 3121(a)(1). "Forcible compulsion" includes compulsion by "physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101.

A conviction of IDSI requires proof that the defendant engaged in "deviate sexual intercourse" with the complainant "by forcible compulsion." 18 Pa.C.S. § 3123(a)(1). Deviate sexual intercourse is defined as:

> Sexual intercourse per os or per anus between human beings ….
> The term also includes penetration, however slight, of the genitals
> or anus of another person with a foreign object for any purpose
> other than good faith medical, hygienic or law enforcement
> procedures.

18 Pa.C.S. § 3101. A defendant commits the lesser included offense of sexual assault if he "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1.

In order to secure a conviction of aggravated indecent assault, the Commonwealth must prove the defendant, without the complainant's consent, "engage[d] in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good

- 8 -

faith medical, hygienic or law enforcement procedures[.]" 18 Pa.C.S. § 3125(a)(1). The lesser included offense of indecent assault requires proof that the defendant had "indecent contact with the complainant … without the complainant's consent[.]" 18 Pa.C.S. § 3126(a)(1). Indecent contact includes "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. Lastly, in order to secure a conviction of simple assault, the Commonwealth must prove the defendant "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Bodily injury is defined as the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Although Cruz sets out separate arguments for each of his convictions, many of his claims with regard to the sexual offenses overlap. Specifically, Cruz insists the sexual acts he engaged in with the victim in the early morning hours of August 18, 2017, were consensual. **See** Cruz's Brief at 14, 16, 18, 20, and 23. He contends he and the victim had frequent intercourse, both vaginal and anal, and it was not "unusual" for them to engage in sexual intercourse while parked in her driveway. **Id.** at 14, 16, 18, and 20. Furthermore, Cruz notes that, the day after the incident, the victim acted normally, and did not claim he assaulted her until she spent two hours talking to a friend after work. **See id.** at 14-15, 16-17, 18-19, and 20-21. Moreover, Cruz emphasizes the testimony of the nurse practitioner, who examined the

victim, and stated the victim's injuries "could have resulted from consensual sex." *Id.* at 15, 17, 19, and 21.

The trial court concisely addressed this argument as follows:

Ultimately, the jury did not find [Cruz's] testimony credible. The jury found credible the testimony of [the victim], which alone is sufficient to convict [Cruz]. From the combined testimony of [the victim, the nurse practitioner, the victim's mother and the victim's friend] coupled with the forensic evidence of [the victim's] injuries, there was ample evidence for the jury to find [Cruz's] acts were not consensual. Therefore, this claim is without merit.

Trial Court Opinion, 8/24/2018, at 11.

We find no reason to disagree. Cruz's argument completely ignores the unwavering testimony of the victim that she repeatedly told Cruz she did not want to have sex with him that evening, and cried while he assaulted her. *See* N.T., 12/11/2017, at 41-43, 45-47. The victim's testimony, which the jury found credible, was more than sufficient to defeat Cruz's claim that he and the victim engaged in consensual sex on the night in question. *See Cramer*, *supra*.

With regard to the crimes of sexual assault and aggravated indecent assault, both of which require proof of the victim's non-consent, Cruz also argues the Commonwealth failed to establish he "either knowingly or recklessly disregarded a substantial and unjustifiable risk that [the victim] did not consent." Cruz's Brief at 19, 21. He points to his own testimony that after he and the victim argued, he suggested sex, and the victim replied, "'whatever' showing her indifference to the proposition." *Id.* at 20, 22. However, Cruz focuses solely on his own testimony, which the jury did not

find credible. Conversely, the victim testified that when Cruz told her to "get in the back seat and take off [her] pants," she stated she did not want to have sex with him because they had just been arguing. N.T., 12/11/2017, at 41. Nevertheless, she acknowledged she complied because "if you don't do what he says, things turn out worse in the end" and she "was scared of him." *Id.* at 42. The victim also testified that while Cruz was having both vaginal and anal sex with her, she was crying and asking him to stop. *See id.* at 42, 47. This testimony, found credible by the jury, was sufficient to establish that Cruz engaged in sexual acts with the victim while knowing she did not consent. Accordingly, Cruz is entitled to no relief on his claim that the sexual encounter was consensual.

Cruz also contends the Commonwealth failed to prove the requisite "forcible compulsion" necessary for a conviction of rape under Subsection 3121(a)(1) and IDSI under Subsection 3123(a)(1). *See* Cruz's Brief at 15, 17. He asserts "there is nothing that establishes [he] threatened [the victim], either by physical force or intimidation such that [she] felt she could not resist." *Id.* Rather, Cruz maintains the victim was upset because she learned he had been seeing another woman. *See id.* Once again, we find the victim's testimony contradicts Cruz's argument on appeal.

The victim testified that when she told Cruz she did not want to have sex with him that night, "he said he didn't care." N.T., 12/11/2017, at 41. She explained: "I've learned throughout the time with being with him, that if I don't do what he says, things get worse. So, I got in the back seat and did

everything as he said." *Id.* The victim confirmed she was "scared of him." *Id.* at 42. Moreover, during this first attack, the victim stated Cruz began choking her so that she "couldn't breathe." *Id.* at 44. At some point Cruz stopped raping her, got back into the driver's seat, and drove to her house. The victim testified that Cruz parked in her driverway, locked the doors, and got into the back seat again to continue the assault despite her pleas to stop. *See id.* at 45-46. She stated she was not able to fight him off because she was scared: "He was threatening to kill me, so I was scared what he would do." *Id.* at 46. The victim testified that when Cruz asked her why she was crying, she responded, "because this is like rape. I don't want to be doing this right now." *Id.* at 47. At that point, Cruz stated, "you think this is rape, I'll show you what rape is[,]" and he put his fist in her vagina. *Id.* We conclude this testimony of the victim, which the jury found credible, was sufficient to establish Cruz engaged in both sexual intercourse and deviate sexual intercourse with the victim by physical and psychological compulsion. Therefore, his challenge to his convictions of rape, IDSI, sexual assault and aggravated indecent assault fail.

With regard to his conviction of indecent assault, Cruz also contends there was no evidence the victim came in contact with any seminal fluid, urine or feces. *See* Cruz's Brief at 23. This specific challenge was not raised in

Cruz's concise statement, and is, therefore, waived.[9] **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived.") (citation omitted). **See also** Pa.R.A.P. 1925(b)(vii).

Lastly, Cruz argues the evidence was insufficient to prove he committed simple assault. His challenge is two-fold. First, Cruz, once again, asserts the injuries sustained by the victim were the result of a "consensual sexual encounter." Cruz's Brief at 22. He emphasizes the victim admitted her "previous consensual sexual encounters with [Cruz] had involved rough sex[,]" and the nurse practitioner acknowledged the victim's injuries could have resulted from rough, consensual sex. **Id.** Second, Cruz states the Commonwealth "failed to establish that [his] conscious object was to cause bodily injury to [the victim]." **Id.**

---

[9] Indeed, in his concise statement, Cruz only argues the evidence was insufficient to support his conviction of indecent assault because "the Commonwealth failed to establish that [Cruz] forced the complainant to have sexual intercourse that was not consensual." Statement of Matters Complained of on Appeal, 7/26/2018, at ¶ 12.

Nevertheless, even if we were to address his present claim, we would conclude it is meritless. Cruz's argument focuses only on part of the indecent assault statute. A defendant may be found guilty of indecent assault if he "has indecent contact with the complainant." 18 Pa.C.S. § 3126(a). As noted *supra*, indecent contact includes "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. The vicitm's testimony as recounted above, establishes that Cruz touched "intimate parts" of the victim for the "purpose of … gratifying [his] sexual desire." **Id.** Because that element was satisfied, the Commonwealth was not required to prove Cruz caused the victim to come in contact with seminal fluid, urine or feces.

Considering these claims in reverse order, we note that in order to convict Cruz of simple assault, the Commonwealth was **not** required to prove Cruz's "conscious object was to cause bodily injury to [the victim]." **Id.** Rather, the statute requires proof that the defendant "intentionally, knowingly or recklessly cause[d] bodily injury." 18 Pa.C.S. § 2701(a)(1). The jury could conclude that Cruz acted at least with reckless disregard that the victim would suffer bodily injury when he choked her until she could not breathe, and inserted his fist into her vagina, which resulted in blood "gushing out down [her] leg." N.T., 12/11/2017, at 47.

Furthermore, as determined above, the evidence does not support Cruz's claim that the sexual encounter was consensual. Although the nurse practitioner acknowledged that "some consensual … sexual interactions can lead to some vaginal injuries," she explained that they were "certainly not typically to the extent of which [she] saw with [the victim]." **Id.** at 122. Indeed, she testified the victim's injuries were "the worst vaginal injuries that [she had] seen in a hundred assaults – in roughly a hundred assaults that [she had] completed." **Id.** at 121. Moreover, Cruz, once again, ignores the victim's testimony that she did not consent. Accordingly, we find the verdict was sufficient to support Cruz's simple assault conviction.

Because we find Cruz's challenge to the sufficiency of the evidence supporting his convictions is meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition Requesting New Appointment of Counsel and Petition for Leave to Withdraw as Counsel denied.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2019